UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DWAYNE FAULKNER,<br><br>                                        Plaintiff,<br><br>-against-<br><br>THE CITY OF NEW YORK; LOUIS A. MOLING (COMMISSIONER); ROBIN COLLINS (WARDEN); MS. FELDER (MAILROOM OFFICER); MR. BELL (PROPERTY OFFICER); JOHN DOE #1 & JOHN DOE #2 (UNKNOWN MAINTENANCE WORKERS); JOHN DOE #3 AND JOHN DOE #4 (UNKNOWN PLUMBERS); JOHN DOE #5 (UNKNOWN HOUSING UNIT SUPERVISOR),<br><br>                                        Defendants. | 24-CV-3145 (VSB)<br><br>ORDER OF SERVICE |

VERNON S. BRODERICK, United States District Judge:

    Plaintiff, who currently is incarcerated at Cayuga Correctional Facility, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights when he was detained at the North Infirmary Command on Rikers Island.[1] By order dated May 8, 2024, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2] For the reasons set forth below, the Court (1) dismisses Plaintiff's claims against Felder and Bell; (2) directs the New York City Department of Correction ("DOC") to assist Plaintiff in identifying the John Doe defendants he seeks to sue; and (3) requests that the

---

[1] By order dated July 30, 2024, Chief Judge Laura Taylor Swain directed Plaintiff to file an amended complaint to cure deficiencies in his original pleading. (ECF 7.) The court received Plaintiff's amended complaint on October 17, 2024. (ECF 11.) The amended complaint is the operative pleading.

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

City of New York, former Commissioner Molina,[3] and Warden Collins waive service of summons.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

**A.     Claims against Bell and Felder**

In the amended complaint, Plaintiff alleges that Bell and Felder misplaced or lost property of his that was in their possession. (*See* ECF 11, at 11.) The Court construes Plaintiff's allegations against these defendants as attempting to assert a claim that he was deprived of his property in violation of the Fourteenth Amendment. The Due Process Clause of the Fourteenth Amendment protects "against deprivations [of life, liberty, or property] without due process of law." *Rivera-Powell v. N.Y. City Bd. of Elections*, 470 F.3d 458, 464 (2d Cir. 2006) (internal quotation marks and citation omitted). "The fundamental requisite of due process of law is the opportunity to be heard . . . at a meaningful time and in a meaningful manner." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (internal quotation marks and citations omitted). Determining whether

---

[3] Plaintiff misspells this defendant's name as "Moling."

2

the process provided is adequate requires weighing: (1) the private interest affected; (2) the risk of erroneous deprivation and the probable value of further safeguards; and (3) the governmental interest at issue. *See Rivera-Powell*, 470 F.3d at 466 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)).

A government official's random and unauthorized act does not violate a person's right to procedural due process if a meaningful postdeprivation remedy is available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1986); *Parratt v. Taylor*, 451 U.S. 527, 540-43 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996). Thus, a claim under Section 1983 asserting that a government official has deprived a person of a property interest is not cognizable in a federal district court if state law provides an adequate remedy for the deprivation of that interest. *See Zinermon v. Burch*, 494 U.S. 113, 127-39 (1990); *Hudson*, 468 U.S. at 533. Accordingly, when a plaintiff asserts such a claim, "the federal court's initial inquiry must be whether the state has provided adequate remedies to redress such unlawful acts." *Vialez v. N.Y.C. Hous. Auth.*, 783 F. Supp. 109, 114 (S.D.N.Y. 1991).

Because the government cannot predict precisely when a government official's random and unauthorized deprivation of a person's property interest will occur, it would be impossible to provide meaningful due process before the deprivation of the property interest. *See, e.g.*, *Hudson*, 468 U.S. at 532-33. Accordingly, New York State law provides postdeprivation remedies to cure such deprivations. *See Jenkins v. McMickens*, 618 F. Supp. 1472, 1474 (S.D.N.Y. 1985) (state tort action available to compensate detainee for alleged loss of property by city jail officials); *Cook v. City of New York*, 607 F. Supp. 702, 704 (S.D.N.Y. 1985) (detainee had meaningful postdeprivation remedy for loss of book through state action for negligence, replevin, or

conversion); *Moreno v. New York*, 69 N.Y.2d 432 (1987) (alternative state remedies to recover seized property discussed); *Boyle v. Kelley*, 42 N.Y.2d 88, 90-91 (1977) (property wrongfully seized by officials during a search recoverable by a state replevin action or a state proceeding brought under Article 78 of the New York Civil Practice Law and Rules).

In her order to amend, Chief Judge Swain dismissed similar procedural due process claims because Plaintiff alleged no facts suggesting that he had pursued any of the available state remedies, nor any facts showing that such remedies are inadequate. (*See* ECF 7, at 6-8.) Plaintiff's procedural due process claims against Felder and Bell in the amended complaint fail for the same reason. He does not allege that he pursued any state court remedies, such as state tort actions for negligence or conversion or claims for replevin, or that any such remedies are inadequate. His assertion that he "pursued a claim through the city [but] it has proved futile and unavailing" (ECF 11, at 11) is insufficient to suggest that his state postdeprivation remedies are unavailable or inadequate so as to deprive him of due process. The Court therefore dismisses Plaintiff's procedural due process claims against Felder and Bell for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Because Plaintiff has already been given an opportunity to amend his procedural due process claim and has failed to cure the deficiencies, the Court declines to grant Plaintiff another opportunity to amend. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

**B.**     ***Valentin* order**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the DOC to identify the two John Doe maintenance workers, two John Doe plumbers, and the John Doe Housing Unit Supervisor. It is therefore ordered that the

4

New York City Law Department, which is the attorney for and agent of the DOC, must ascertain the identity of each John Doe whom Plaintiff seeks to sue here and the address where the defendant may be served.[4] The Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order asking the newly named Defendants to waive service.

## C.     Waiver of Service

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the City of New York, former Commissioner Louis Molina, and Warden Robin Collins waive service of summons.

## CONCLUSION

The Court dismisses Plaintiff's claims against Bell and Felder for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[4] If the Doe defendant is a current or former DOC employee or official, the Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility. If the Doe defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the Law Department must provide a residential address where the individual may be served.

The Clerk of Court is directed to mail a copy of this order and the complaint to New York City Law Department at: 100 Church Street, New York, NY 10007. An amended complaint form is attached to this order.

The Clerk of Court is further directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Defendants City of New York, former Commissioner Louis Molina, and Warden Robin Collins waive service of summons.

The Clerk of Court is also directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:   October 28, 2024
         New York, New York

_____
VERNON S. BRODERICK
United States District Judge