UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DWAYNE FAULKNER, Plaintiff, - against - THE CITY OF NEW YORK, *et al.*, Defendants. | 24-CV-3145 (VSB) (VF) **OPINION & ORDER** |

Appearances:

Dwayne Faulkner
Lakeland, FL
*Pro Se Plaintiff*

Kimberly Leonie Roc
Mark Galen Toews
New York City Law Department
New York, NY
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

On April 23, 2024, pro se Plaintiff Dwayne Faulkner ("Plaintiff" or "Faulkner") filed this action under 42 U.S.C. § 1983 against Defendants the City of New York, (the "City"), Eric Adams, the mayor of the City at the time, ("Adams"), Louis Molina, the Commissioner of the City Department of Corrections, ("DOC"), at the time, ("Molina), Robin Collins, the warden of the North Infirmary Command at Rikers Island at the time, ("Collins"), Housing Officer Drummond at Rikers Island, ("Drummond"), and John Doe officers, plumbers, and other individuals involved in the repair, supervision, and maintenance at the North Infirmary Command, (Doc. 1 ("Compl.")). On July 30, 2024, Chief Judge Laura Taylor Swain issued an

order requiring Plaintiff to amend his complaint, having screened the complaint under the Prison Litigation Reform Act ("PLRA"). (Doc. 7 at 1–2.) On October 17, 2024, Plaintiff filed his amended complaint. (Doc. 11 ("First Amended Complaint").) The First Amended Complaint excised allegations against Adams and Drummond and added allegations against a Mailroom Officer Felder, a Property Officer Bell, two John Doe Maintenance Workers, two John Doe Plumbers, and a John Doe Housing Unit Supervisor at the North Infirmary Command Housing Unit at Rikers Island. (*Id.* at 3.)

On October 24, 2024, this case was assigned to me. On October 28, 2024, I issued an order of service dismissing claims against Defendants Bell and Felder for failure to state a claim on which relief could be granted. (Doc. 13.) On January 30, 2025, I issued an order of reference to Magistrate Judge Valerie Figueredo for general pretrial management. (Doc. 24.) On April 24, 2025, Plaintiff filed his second amended complaint, now the operative complaint in this matter, identifying the John Doe Defendants as James Flood, Ross Delvecchio, Paul Lestingi, and John Benzan, (collectively "Defendants"), and dropping all claims against other defendants, (Doc. 29 ("SAC" or "Second Amended Complaint")).

On October 1, 2025, Defendants filed a motion to dismiss Plaintiff's Second Amended Complaint, (Doc. 44), accompanied by a memorandum of law, (Doc. 45). On the next day, I issued an amended order of reference to Magistrate Judge Figueredo for a report and recommendation on Defendants' motion to dismiss. (Doc. 46.) On December 8, 2025, Plaintiff filed an opposition to Defendants' motion to dismiss, also seeking sanctions and to strike Defendants' motion to dismiss, (Doc. 52), along with a separately filed excerpt of that opposition, (Doc. 51), and a further supplemental opposition, (Doc. 53).

On July 6, 2026, Magistrate Judge Figueredo issued a thorough and well-reasoned thirty-six-page Report and Recommendation, recommending that Defendants' motion be granted, that Plaintiff's motions for sanctions be denied, and that the Second Amended Complaint be dismissed without prejudice. (Doc. 58 ("Report" or "Rep.").) The Report correctly identified a number of deficiencies in the Second Amended Complaint, including Plaintiff's failure to plead exhaustion, a requirement under the PLRA, (Rep. 8–16), failure to sufficiently plead personal involvement of Defendants in the deprivation of Plaintiff's constitutional rights, (*id.* at 16–21), inability to properly allege facts that would give rise to conditions of confinement claim, (*id.* at 21–30), as well as inadequacies with Plaintiff's claim under the Free Exercise Clause, (*id.* at 30–33), and *Monell* claim, (*id.* at 33–36).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

Although the Report explicitly provided that "[t]he parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections," and "[i]f a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal," (Rep. 36), neither party filed an objection or requested additional time to do so. I have reviewed Magistrate Judge Figueredo's detailed and well-reasoned Report for clear error and, after careful review, find none. I therefore ADOPT the Report in its entirety. Defendants' motion to dismiss, (Doc. 44), is GRANTED without prejudice. Plaintiff's motions for sanctions, (Docs. 51–52), are DENIED.

The Clerk of Court is respectfully directed to terminate the pending motions at Docs 44, 51, and 52.

If Plaintiff intends to file a Third Amended Complaint it must be filed no later than thirty days from the issuance of this Opinion & Order. Failure to do so may result in dismissal of this action with prejudice.

SO ORDERED.

Dated: September 28, 2026
New York, New York

Vernon S. Broderick
United States District Judge